**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 23-6980**

———————————

THOMAS BARTHOLOMEW SIMPSON,

> Petitioner - Appellant,

v.

CHADWICK DOTSON,

> Respondent - Appellee.

———————————

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria.  Leonie M. Brinkema, District Judge.  (1:22-cv-00794-LMB-IDD)

———————————

Submitted:  February 20, 2025                    Decided:  March 25, 2025

———————————

Before THACKER, HARRIS, and RUSHING, Circuit Judges.

———————————

Dismissed by unpublished per curiam opinion.

———————————

Thomas Bartholomew Simpson, Appellant Pro Se.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Thomas Bartholomew Simpson seeks to appeal the district court's order denying relief on his 28 U.S.C. § 2254 petition. The order is not appealable unless a circuit justice or judge issues a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1)(A). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists could find the district court's assessment of the constitutional claims debatable or wrong. *See Buck v. Davis*, 580 U.S. 100, 115-17 (2017). When the district court denies relief on procedural grounds, the prisoner must demonstrate both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right. *Gonzalez v. Thaler*, 565 U.S. 134, 140-41 (2012) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

We have independently reviewed the record and conclude that Simpson has not made the requisite showing. Simpson argues that the state trial court erred by admitting certain evidence and that his counsel rendered ineffective assistance by failing to adequately object to the admission of the evidence. But federal courts "do not sit to review the admissibility of evidence under state law," and Simpson has not shown that the allegedly "erroneous evidentiary rulings were so extreme as to result in a denial of a constitutionally fair proceeding" or that his counsel's alleged failure to object was unreasonable or prejudicial. *Burket v. Angelone*, 208 F.3d 172, 186 (4th Cir. 2000) (collecting cases); *see Strickland v. Washington*, 466 U.S. 668, 687 (1984) (discussing

showing required to establish ineffective assistance of counsel). Additionally, contrary to Simpson's contentions on appeal, we conclude that reasonable jurists could not debate that he failed to establish cause and prejudice to excuse the procedural default of the prosecutorial misconduct claims he raised in the district court. *See Hayes v. Carver*, 922 F.3d 212, 216 (4th Cir. 2019) (explaining that federal courts ordinarily may not consider procedurally defaulted claims). Finally, while Simpson asserts that the state habeas court violated his constitutional rights by adopting a pre-drafted dismissal order, he has not made a debatable showing that he is in custody as a result of that alleged constitutional error. *See* 28 U.S.C. § 2254(a); *Plymail v. Mirandy*, 8 F.4th 308, 320 n.7 (4th Cir. 2021) (noting that § 2254 petitioner must be in custody "as a result of the challenged state . . . decision for habeas relief to be available" (internal quotation marks omitted)).

Accordingly, we deny a certificate of appealability and dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED*